Stout v. Bolin.

---

No. 20,459.

W. C. STOUT, *Appellant*, v. J. R. BOLIN and T. F. HOPKINS, *Appellees*.

### SYLLABUS BY THE COURT.

SALE—*Cattle—Evidence of Agency.* The evidence examined, and found to contain facts, circumstances, statements, and other indirect evidence sufficient to warrant the inference of a claimed agency.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed November 10, 1917. Reversed.

*William H. Thompson, Fred Robertson,* both of Kansas City, *F. S. Macy,* and *E. W. Davis,* both of Liberal, for the appellant.

*V. H. Grinstead, A. M. Cowan,* both of Liberal, *H. Llewellyn Jones,* of Meade, *R. W. Blair,* and *T. M. Lillard,* both of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.:  This is a second appeal.  The facts are suffi-
ciently stated in the former opinion (*Stout v. Bolin,* 93 Kan.
185, 144 Pac. 204).  At the second trial the court sustained a
demurrer to the plaintiff's evidence, and he appeals.

The district court evidently misinterpreted the following
statement contained in the former opinion:

"Aside from whatever inferences are to be drawn from the facts and
circumstances appearing from the evidence there is no testimony tending
to show an agency, and certainly none indicating an agency to purchase
the cattle on account of the defendants by the head and not by the
pound." (p. 188.)

The statement is still true.  There was no testimony tend-
ing to show agency on the part of Brown, in the sense of con-
versations conferring authority.  There were facts and cir-
cumstances, however, from which Brown's agency might be
inferred.  Among them were statements made by the defend-
ants to third persons.  Hopkins said they (the defendants)
had a man who sold the cattle for them, and that they came
out all right, had done well on the cattle, but that they had a
little trouble about a check.  This statement was made in re-
sponse to an inquiry as to how the defendants came out on
the sale of the Stout cattle, and the reference to trouble about
a check identified the sale as the sale made to Griffith.  The
defendants could not have sold the cattle to Griffith unless
they owned the cattle, so the plaintiff's sale to the defendants
stood, and the plaintiff made no sale to Griffith.  The man re-
ferred to was Brown.  In order to complete the sale to Griffith
by delivery, Brown obtained possession of the cattle from the
plaintiff.  The price to the defendants was 4½ cents per
pound.  To avoid the necessity of weighing the cattle, they
were guessed off at $40 per head.  Having obtained the cattle
from the plaintiff, having sold and delivered them to Griffith,
and having come out all right on the sale (retained the fruits
of the transaction), all by means of Brown's agency, the de-
fendants are not in a position to repudiate either his agency
or his conduct in adjusting the price.  The fact that Brown
was the agent of the defendants, and that his adjustment of
the price was actually ratified, was further indicated by an-
other statement attributed to Hopkins.  He said they bought

the cattle for $40 per head—they cost 4½ cents, but were lumped off at $40. Bolin's conduct and statements concerning the protested check were corroborative of Hopkins' statements and of the plaintiff's theory of the case. Other grounds for the inference of agency appeared in the evidence.

It is elementary that agency may be proved by facts, circumstances, admissions, and other indirect evidence, and that ratification is equivalent to an original grant of authority.

The judgment of the district court is reversed, and the cause is remanded for trial.